UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY ALEXANDER MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>LVN ARCHIEGA, et al,<br><br>　　　　　Defendants. | **1:19-cv-00876 JLT (PC)**<br><br>**ORDER REQUIRING PLAINTIFF TO SUBMIT A RESPONSE**<br><br>**(Doc. 6)**<br><br>**THIRTY-DAY DEADLINE** |

　　Plaintiff has filed a first amended complaint asserting claims against employees of the California Department of Corrections and Rehabilitation.[1] (Doc. 6.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Though titled a "First Amended Complaint," this is the only complaint filed by plaintiff in this action. The original "complaint" is just a "Civil Cover Sheet" submitted by a staff member at the institution where plaintiff is housed.

1

## I. Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983 the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

At all times relevant to this action, plaintiff was a state inmate housed at California Substance Abuse Treatment Facility ("CSATF") Prison in Corcoran, California. He names as defendants Licensed Vocational Nurse Archiega, Primary Care Physician (Dr. Merritt), ADA

2

Coordinator / Associate Warden S. Smith, and "Chief of California Correctional Health Care" S. Gates. Plaintiff sues each defendant in her or her individual and official capacities. He seeks injunctive relief and damages.

Plaintiff's allegations can be fairly summarized as follows:

**A. Batteries for Hearing Aids**

On or around August 29, 2018, plaintiff requested an exchange of four hearing aid batteries. LVN Archiega denied this request and instead took plaintiff's spare batteries. Though not entirely clear, LVN Archiega is also accused of "depriving the Plaintiff of his medical device."

Plaintiff filed an appeal arguing that it was institutional policy that plaintiff be offered batteries on a one-for-one exchange with no limit as to how often the batteries could be replaced. He also suggests that he was authorized to possess spare batteries following a previous institutional appeal and that these spare batteries were necessary because it sometimes took an extended period before his batteries could be replaced by staff. Associate Warden S. Smith upheld LVN Archiega's conduct. Dr. Merritt then "rubber stamped a doctor's order granting Archiega [the] right to take Plaintiffs batteries, after the fact acting in a conspiracy to deny plaintiff his Eighth Amendment rights." Defendant Gates "is the ultimate authority on this issue and has assigned a new meaning to the definition of CDC's use of the term one for one exchange in order to deny liability."

Plaintiff claims he has been made to go extended periods without the use of his hearing aid. Without a hearing aid, plaintiff lacks the ability for effective communication and, at times, he fears for his life. He cannot enjoy activities such as phone calls or RV or radio. He has also missed hearing alarms, which he claims places himself, staff, and other inmates at risk of injury from responding officers.

**B. Hepatitis C Treatment**

Plaintiff was diagnosed with Hepatitis C in 2008. Since then, plaintiff has sought treatment for the condition, but each request was denied because his viral load was deemed too low. In 2017, plaintiff's primary care physician at another institution started the process of getting

3

plaintiff started on the treatment. However, plaintiff was then transferred to CSATF where Dr. Merritt "stopped the treatment plan."

### III. Discussion

#### A. Improper Joinder

Federal Rule of Civil Procedure Rule 20 provides,

> All persons ... may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief arising out of the same transaction, occurrence or series of transactions or occurrences *and* if any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a) (emphasis added). Further, Rule 21 provides that where parties are misjoined, they may be "dropped or added by order of the court ... on such terms as are just." Fed. R. Civ. P. 21; Coughlin v. Rogers, 130 F.3d 1348, 1351 (9th Cir. 1997).

Rule 20(a) requires that a plaintiff cannot assert unrelated claims against different defendants. In his first amended complaint, plaintiff brings an Eighth Amendment claim against all the defendants for their alleged failure to provide him batteries for his hearing aid. He also brings a separate claim against Dr. Merritt for the allegedly improper denial of treatment for plaintiff's Hepatitis C. These allegations do not arise "out of the same transaction, occurrence or series of transactions or occurrences" and there is no overlap of law or facts between the denial of batteries for a hearing aid and the alleged denial of treatment for Hepatitis C. Plaintiff will therefore be directed to identify which of the two claims he wishes to proceed with in this action. The remaining claim must be alleged in a separate complaint filed in a separate action.

#### B. Official v. Individual Capacity Claims

Plaintiff brings claims against the defendants in their individual and official capacities, and the relief he seeks includes injunctive relief and damages. Plaintiff is hereby informed that the Eleventh Amendment bars actions seeking damages from state officials acting in their official capacities. See Eaglesmith v. Ward, 73 F.3d 857, 859 (9th Cir. 1995); Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992) (per curiam). The Eleventh Amendment does not, however, bar suits against state officials acting in their personal capacities. See id. Under the doctrine of Ex Parte Young, 209 U.S. 123 (1908), the Eleventh Amendment does not bar suits for prospective

declaratory or injunctive relief against state officials in their official capacities. See Armstrong v. Wilson, 124 F.3d 1019, 1025 (9th Cir. 1997).

### C. Eighth Amendment

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

### a. Batteries for Hearing Aid

Plaintiff does not state a cognizable claim based on the allegations related to his hearing aid. Though plaintiff alleges that he is hearing impaired and needs a hearing aid for communication and safety, the remainder of his allegations are imprecise. For example, plaintiff accuses LVN Archiega of refusing to exchange batteries for the hearing aid, suggesting that plaintiff was unable to use his hearing aid. However, he also suggests that LVN Archiega merely deprived plaintiff of his *spare* batteries, suggesting that plaintiff possessed enough batteries for his hearing aid and merely was unable to possess additional batteries. Because these allegations make it impossible for the Court to properly analyze this claim, plaintiff's pleading must be dismissed.

### b, Treatment for Hepatitis C

In addition, plaintiff's allegations against Dr. Merritt are too conclusory to state a claim. He alleges only that this defendant "stopped the treatment plan" for Hepatitis C. Without more,

plaintiff's claim appears to be based solely on a disagreement with Dr. Merritt about the proper course of treatment for plaintiff's medical condition. This is insufficient to proceed.

## IV. Conclusion

Plaintiff's first amended complaint fails to state a claim on which relief may be granted. The Court will grant plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff does not wish to amend, he may instead file a notice of voluntary dismissal, and the action then will be terminated by operation of law. Fed. R. Civ. P. 41(a)(1)(A)(i). Alternatively, plaintiff may forego amendment and notify the Court that he wishes to stand on his complaint. See Edwards v. Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004) (plaintiff may elect to forego amendment). If the last option is chosen, findings and recommendations will issue to dismiss the complaint without leave to amend, plaintiff will have an opportunity to object, and the matter will be decided by a District Judge.

If plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff should note that although he has been granted the opportunity to amend his complaint, it is not for the purposes of adding new and unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully review this screening order and focus his efforts on curing the deficiencies set forth above.

Finally, plaintiff is advised that Local Rule 220 requires that an amended complaint be complete without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves a function in the case. Id. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly titled, in bold font, "Second Amended Complaint," reference the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a).

Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, the Court **ORDERS**:

1. **Within thirty days** from the date of service of this order, plaintiff must file either a second amended complaint curing the deficiencies identified by the Court in this order, a notice of voluntary dismissal, or a notice of election to stand on the first amended complaint; and
2. If plaintiff fails to file a second amended complaint or notice of voluntary dismissal, the Court will recommend the action be dismissed, with prejudice, for failure to obey a court order and failure to state a claim.

IT IS SO ORDERED.

Dated: **January 29, 2020**              /s/ Jennifer L. Thurston
                                        UNITED STATES MAGISTRATE JUDGE