UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COREY ALEXANDER MITCHELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LVN ARCHIEGA, et al,<br><br>　　　　　Defendants. | **Case No.: 1:19-cv-00876 JLT (PC)**<br><br>**ORDER TO ASSIGN DISTRICT JUDGE;**<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS OPERATIVE COMPLAINT WITHOUT LEAVE TO AMEND**<br><br>**(Doc. 11)**<br><br>**FOURTEEN-DAY DEADLINE** |

　　　　Plaintiff has filed a pleading titled "Third Amended Complaint" that asserts claims against employees of the California Department of Corrections and Rehabilitation.[1] (Doc. 11.) Generally, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] This document is titled a "Third Amended Complaint," but it is only the third pleading filed in this action. The original "complaint" was just a "Civil Cover Sheet" submitted by a staff member at the institution where plaintiff is housed. Plaintiff's "First Amended Complaint" (Doc. 6) was thus the first valid complaint.

1

claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## I.   Pleading Standard

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiffs must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Iqbal, 556 U.S. at 678. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 677-78.

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

Under section 1983, the plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.   Plaintiff's Allegations

Plaintiff brings this action for alleged violations of the Eighth Amendment and Fourteenth Amendment for conduct occurring while he was a state inmate housed at California Substance

2

Abuse Treatment Facility Prison in Corcoran, California. He names as defendants Licensed Vocational Nurse ("LVN") Archiega, Primary Care Physician Dr. Merritt, ADA Coordinator / Associate Warden S. Smith, and "Chief of California Correctional Health Care" S. Gates. Plaintiff sues each defendant in his or her individual and official capacities. He seeks injunctive relief and damages. Plaintiff's allegations can be fairly summarized as follows:

Plaintiff suffers from profound hearing loss and requires the constant use of his hearing aids. On or around August 29, 2018, Plaintiff asked LVN Archiega to exchange four spare hearing aid batteries. LVN Archiego denied the request and instead confiscated the spare batteries; she did not confiscate the batteries in current use in his hearing aids. Plaintiff showed LVN Archiega a copy of the rule regarding batteries and a doctor's order authorizing plaintiff to possess a spare set of batteries. LVN Archiega ignored this documentation and refused to authorize the spare batteries. Plaintiff claims that LVN Archiega does not have authority to confiscate any batteries without a doctor's orders. He also claims, however, that Dr. Merritt got involved by "rubberstamp[ing]" LVN Archiega's confiscation of the batteries.

Plaintiff submitted an inmate grievance following this incident, explaining that without spare batteries, there is sometimes a delay in providing them to him after his current batteries run out can sometimes last hours to days and that, during that time, plaintiff is without use of his hearing aids. In one instance, he was unable to communicate with his fiancée during a visitation because the battery in his hearing aid ran out, and he was not provided a replacement battery immediately. Plaintiff also claims he has missed announcements for yard, dayroom, and other activities when his hearing aid batteries have run out. Plaintiff asserts that the refusal to provide spare batteries violates institutional guidelines.

Plaintiff states that Associate Warden Smith had a responsibility to grant plaintiff's grievance at the institutional level because he is the ADA Coordinator, but Warden Smith denied the grievance. Defendant Gates also should have granted the grievance, but he too denied it. These denials amount to a conspiracy amongst these defendants to act with deliberate indifference to plaintiff's health and safety.

Plaintiff accuses the defendants of violating his rights under the Eighth Amendment. He

3

also alleges that his equal protection rights have been violated under the Fourteenth Amendment.

## III. Discussion

### A. Eighth Amendment Medical Indifference

When a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). An Eighth Amendment medical claim has two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A serious medical need exists if the failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Thus, a defendant is liable if he knows that plaintiff faces "a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Id. at 847. "It is enough that the official acted or failed to act despite his knowledge of a substantial risk of harm." Id. at 842.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir.

1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Delays in providing medical care may manifest deliberate indifference. Estelle, 429 U.S. at 104-05. To establish a claim of deliberate indifference arising from a delay in providing care, a plaintiff must show that the delay was harmful. See Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir. 1994); McGuckin, 974 F.2d at 1059; Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). In this regard, "[a] prisoner need not show his harm was substantial; however, such would provide additional support for the inmate's claim that the defendant was deliberately indifferent to his needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); see also McGuckin, 974 F.2d at 1060. In addition, a physician need not fail to treat an inmate altogether in order to violate that inmate's Eighth Amendment rights. Ortiz v. City of Imperial, 884 F.2d 1312, 1314 (9th Cir. 1989) (per curiam). A failure to competently treat a serious medical condition, even if some treatment is prescribed, may constitute deliberate indifference in a particular case. Id.

Plaintiff brings an Eighth Amendment medical indifference claim the defendants for their refusal to allow him to possess extra batteries for his hearing aids. As Plaintiff was previously informed, this refusal does not state a claim because Plaintiff's allegations unequivocally demonstrate that he was able to keep the batteries that kept his hearing aids operable. He was thus not deprived of a necessarily medical device.

Insofar as Plaintiff seeks to assert a claim based on issues surrounding his attempt to get replacement batteries for those already in his hearing aid, Plaintiff was again previously informed that any such claim sounds in negligence and not deliberate indifference. Accord Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (claims stemming from alleged delays in administering pain medication and providing replacement crutch did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (claims stemming from alleged failure to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains did not amount to more than negligence). For these reasons, this claim is subject to dismissal.

///

1       **B.      Fourteenth Amendment Equal Protection**

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff, 418 U.S. at 556. Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Hightower v. Schwarzenegger, 2007 WL 732555 (E.D. Cal. Mar. 19, 2008).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

Plaintiff claims that Warden Smith and LVN Archiega violated his equal protection rights by treating similarly situated patients / inmates differently. He does not, however, contend that he is a member of a suspect class. He further fails to explain how other similarly situated individuals were treated differently. This claim is therefore also not cognizable.

**C.      Violation of Institutional Regulations**

Plaintiff asserts that the defendants violated his rights by violating institutional regulations

regarding the possession of spare batteries. As a general rule, the violation of state regulations does not rise to the level of a constitutional violation. See Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989), overruled on other grounds, Nettles v. Grounds, 830 F.3d 922 (9th Cir. 2016); Ybarra v. Bastian, 647 F.2d 891, 892 (9th Cir. 1981). Therefore, in itself, a state employee's failure to follow state law does not state a claim under Section 1983.

### D.     Conspiracy

Plaintiff next accuses Warden Smith and LVN Archiega of conspiring to "cover for one another" and "carry the company line."

To state a claim for conspiracy under section 1983, plaintiff must show the existence of an agreement or a meeting of the minds to violate his constitutional rights, and an actual deprivation of those constitutional rights. Avalos v. Baca, 596 F.3d 583, 592 (9th Cir. 2010); Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001). "Conspiracy" is not a stand-alone claim. A conspiracy "does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. Lacey v. Maricopa Cnty., 693 F.3d 896, 935 (9th Cir. 2012) (citations omitted).

Plaintiff fails to state a cognizable claim for conspiracy. Plaintiff fails to demonstrate that any individual defendant conspired, how such defendant conspired, and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997).

### E.     Processing of Inmate Grievance

Lastly, Plaintiff claims that Warden Smith and Gates violated his rights in the processing of his inmate grievance. The existence of a prison grievance procedure establishes a procedural right only and "does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure). This means that a prison official's action in reviewing an inmate grievance cannot serve as a basis for liability under Section 1983. Buckley, 997 F.2d at 495. "Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an

administrative complaint does not cause or contribute to the violation. A guard who stands and watches while another guard beats a prisoner violates the Constitution; a guard who rejects an administrative complaint about a completed act of misconduct does not." George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) (citations omitted). Plaintiff's claim against these defendants therefore also fails.

### IV.     Conclusion

Plaintiff's pleading once again fails to state a claim. Because Plaintiff was previously informed that he would be granted only one final opportunity to file an amended complaint to state a claim, the Court ORDERS the Clerk of Court to assign a district judge to this case; and

The Court RECOMMENDS that the operative complaint be dismissed without leave to amend.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **March 17, 2021**               **/s/ Jennifer L. Thurston**
                                                          UNITED STATES MAGISTRATE JUDGE